# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

2013 JUL -1 AM 9: 18
COURT OF APPEALS DIV I
STATE OF WASHINGTON
FILED

| | |
|---|---|
| MICHAEL DURLAND, KATHLEEN FENNELL, and DEER HARBOR BOATWORKS,<br><br>Appellants,<br><br>v.<br><br>SAN JUAN COUNTY, WES HEINMILLER, and ALAN STAMEISEN,<br><br>Respondents. | DIVISION ONE<br><br>No. 68453-1-I<br><br>PUBLISHED OPINION<br><br>FILED: July 1, 2013 |

DWYER, J. — Property owners Michael Durland, Kathleen Fennel, and Deer Harbor Boatworks (Durland) appeal from the superior court's dismissal of a land use petition filed pursuant to the Land Use Petition Act (LUPA), chapter 36.70C RCW. Pursuant to LUPA, a local government's decision is not subject to judicial review by the superior court unless it is a "land use decision." Because Durland failed to obtain a "final determination by a local jurisdiction's body or officer with the highest level of authority to make the determination," RCW 36.70C.020(2)(a), the grant of the building permit at issue did not constitute a "land use decision." Thus, the superior court was without authority to review San Juan County's decision to grant the permit. Accordingly, we affirm.

I

On August 8, 2011, Wesley Heinmiller and Alan Stameisen (Heinmiller) applied to the San Juan County Department of Community Development and Planning for a building permit for property located in Deer Harbor on Orcas

Island. The Department granted the building permit on November 1, 2011.

On December 19, 2011, Durland filed a LUPA petition in Skagit County Superior Court, challenging the grant of the building permit. Durland asserted that the building permit authorized construction in violation of county shoreline and zoning requirements. As requested relief, Durland sought a judicial determination that the building permit was "void." On the same day, Durland filed an administrative appeal of the decision to grant the building permit with the San Juan County hearing examiner.

In superior court, both San Juan County and Heinmiller filed motions to dismiss Durland's LUPA action. San Juan County sought dismissal of Durland's petition pursuant to Civil Rule (CR) 12(b)(6), contending, among other things,[1] that Durland had not exhausted his administrative remedies and, thus, lacked standing pursuant to LUPA. Asserting the same contentions, Heinmiller sought dismissal of the petition pursuant to either CR 12(b)(1) or CR 12(b)(6).

Durland responded, admitting that he had not timely filed an administrative appeal of the building permit decision. Nevertheless, he asserted that his failure to exhaust administrative remedies should be excused because he had not known that the permit had been granted until after the limitation period for filing

---

[1] San Juan County and Heinmiller additionally asserted that Durland's land use petition, filed more than 21 days after the permit was issued, was untimely. Durland responded, maintaining that his land use petition had been timely filed. On appeal to this court, Durland reiterates his contention that his land use petition was timely filed pursuant to RCW 36.70C.040(3), which provides that such a petition is timely if filed "within twenty-one days of the issuance of the land use decision." He asserts that, pursuant to the statutory delineation of when a land use decision is "issued," the decision was issued not when the building permit was granted but, instead, when he himself received a copy of the permit. Because we affirm the superior court's order on other grounds, we do not address this contention.

an administrative appeal had expired. Believing that the administrative appeal limitation period could be tolled, Durland additionally sought a stay of the proceedings in the superior court until his appeal to the hearing examiner had been resolved.

On February 3, 2012, the superior court granted Heinmiller's and San Juan County's CR 12(b) motions, dismissing with prejudice Durland's LUPA petition. The court additionally denied Durland's motion to stay the proceedings.

Durland appeals.

II

The resolution of this case turns on whether the legislature has authorized the superior court to review the decision in question. Specifically, we must determine whether San Juan County's decision to grant the building permit constituted a "land use decision" for purposes of LUPA, thereby rendering the matter proper for judicial review by the superior court. We hold that it did not.

We review de novo a superior court's ruling on a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to CR 12(b)(6). West v. Stahley, 155 Wn. App. 691, 696, 229 P.3d 943 (2010). The superior court properly dismisses a claim pursuant to CR 12(b)(6) "only if it appears beyond a reasonable doubt that no facts justifying recovery exist." West, 155 Wn. App. at 696. Similarly, we review de novo rulings to dismiss for lack of jurisdiction pursuant to CR 12(b)(1). Nickum v. City of Bainbridge Island, 153 Wn. App. 366, 373-74, 223 P.3d 1172 (2009).

Absent specific, limited exceptions,[2] the Land Use Petition Act is "the exclusive means of judicial review of land use decisions." RCW 36.70C.030(1). The stated purpose of the act is to provide "consistent, predictable, and timely judicial review." RCW 36.70C.010. Our Supreme Court has "long recognized the strong public policy evidenced in LUPA, supporting administrative finality in land use decisions." James v. Kitsap County, 154 Wn.2d 574, 589, 115 P.3d 286 (2005) (citing Chelan County v. Nykreim, 146 Wn.2d 904, 931-32, 52 P.3d 1 (2002)).

LUPA invokes the appellate jurisdiction of the superior court; accordingly, "the superior court has only the jurisdiction as conferred by law." Conom v. Snohomish County, 155 Wn.2d 154, 157, 118 P.3d 344 (2005). Pursuant to LUPA, the superior court, acting in its appellate capacity, may review only "land use decisions," as defined by the act. See RCW 36.70C.010; 36.70C.030(1). As our Supreme Court has declared, "LUPA applies only to actions that fall within the statutory definition of a land use decision." Post v. City of Tacoma, 167 Wn.2d 300, 309, 217 P.3d 1179 (2009).

Pursuant to LUPA, a "land use decision" is

a final determination by a local jurisdiction's body or officer with the highest level of authority to make the determination, including those with authority to hear appeals, on . . . [a]n application for a project permit or other governmental approval required by law before real

---

[2] LUPA does not apply to judicial review of "[l]and use decisions made by bodies that are not part of a local jurisdiction"; "[l]and use decisions of a local jurisdiction that are subject to review by a quasi-judicial body created by state law"; "applications for a writ of mandamus or prohibition"; or "[c]laims provided by any law for monetary damages or compensation." RCW 36.70C.030(1).

> property may be improved, developed, modified, sold, transferred, or used.

RCW 36.70C.020(2)(a). Here, the decision to issue the permit was not made by the "body or officer with the highest level of authority" to do so in San Juan County. Thus, the decision to issue the permit was not a "land use decision." Accordingly, LUPA did not grant authority to the superior court to review San Juan County's decision to grant the permit.

Our decision in Ward v. Bd. of Skagit County Comm'rs, 86 Wn. App. 266, 936 P.2d 42 (1997), controls the disposition of this case. In Ward, the Skagit County hearing examiner issued a decision denying the Wards' applications for a special use permit and a variance. Ward, 86 Wn. App. at 268-69. The Wards thereafter filed an appeal of the hearing examiner's decision to the Board of County Commissioners. Ward, 86 Wn. App. at 269. The Board dismissed the appeal because it was untimely filed. Id. The Wards then filed a LUPA petition in superior court. Id. The superior court dismissed the petition. Id.

On appeal, we noted that the Skagit County Code categorized a hearing examiner's decision as a "final decision," but that such a decision was nonetheless subject to appeal to the Board of County Commissioners. Ward, 86 Wn. App. at 271. Under the Skagit County Code, no body or official had authority to review the Board's determination. Id. Thus, we concluded that the Board was the body with the highest level of authority to make determinations on special use permits and variances in Skagit County. Id. Consequently, only a decision by the Board—not the hearing examiner—constituted a "land use

decision" pursuant to RCW 36.70C.020(1).[3] Id. Because the Board did not issue a final determination regarding the applications, the Wards failed to obtain a "land use decision" pursuant to LUPA. Ward, 86 Wn. App. at 272.

In explaining our decision, we stated:

> Under LUPA, a "land use decision" is "a final determination by a local jurisdiction's body or officer with the highest level of authority to make the determination, including those with authority to hear appeals," on, inter alia, "an application for a project permit or other governmental approval required by law before real property may be improved, developed, modified, sold, transferred, or used[.]" RCW 36.70C.020(1)(a). In order to obtain a final determination of the local governmental body with the highest level of authority to make the determination, one must, by necessity, exhaust his or her administrative remedies. Thus, exhaustion of administrative remedies is a necessary prerequisite to obtaining a decision that qualifies as a "land use decision" subject to judicial review under LUPA.

Ward, 86 Wn. App. at 270-71. This discussion correctly interprets the statutory provision at issue. It also correctly discusses the practicalities of the statutory requirement. It does, however, combine two different and distinct principles in its explanation. The first—the court's authority to act—is a product of RCW 36.70C.030(1). The second—the petitioner's standing to bring the petition—is the product of a different statute. We ground our decision in this case on the absence of authority for the superior court to act.

As relevant here, according to the San Juan County Code (SJCC),

---

[3] At the time Ward was decided, the statutory definition of "land use decision" was found in RCW 36.70C.020(1). Former RCW 36.70C.020 (1997). The statute was amended in 2009, setting forth the definition of "land use decision"—the content of which remained the same—in section two of RCW 36.70C.020. Laws of 2009, ch. 419, § 1.

development permits that are issued or approved "by the director and/or responsible official," are subject to appeal to the San Juan County hearing examiner. SJCC 18.80.140(B)(11). The SJCC further sets forth that, unless appealed, "[a]ll code interpretations and administrative determinations under this code shall be final." SJCC 18.10.030(C). The SJCC does not provide for a body or official to review the hearing examiner's decisions. Thus, the hearing examiner is the "officer with the highest level of authority to make" a final determination. See RCW 36.70C.020(2). As a result, only a decision made by the San Juan County hearing examiner—not a decision of the San Juan County Department of Community Development and Planning—is a "land use decision" as defined by LUPA.

Durland contends that the provisions of SJCC 18.10.030(C) make all unappealed decisions "final." While this may be true for purposes of applying the SJCC, it is not true for purposes of applying LUPA. A virtually identical situation was addressed in Ward.

> The decision of the hearing examiner is a final decision, subject to appellate review by the Board. Skagit County Code § 14.04.240(16). Under the Code, there is no body with authority to review a determination of the Board. Thus, in Skagit County, the Board is the body with the highest level of authority to make a determination on an application for a variance or special use permit. A decision of the Board on such an application therefore constitutes a "land use decision" under RCW 36.70C.020(1), while a decision of a hearing examiner does not.

86 Wn. App. at 271.

Here, the San Juan County Department of Community Development and Planning issued the building permit in question on November 1, 2011. As

Durland concedes, his appeal of the building permit to the San Juan County hearing examiner, filed on December 19, 2011, was untimely. Durland failed to obtain a final determination by the San Juan County hearing examiner and, thus, no "land use decision" was issued such that judicial review is warranted under LUPA. A superior court may not expand its statutory authority by varying LUPA's definition of a "land use decision." Nor may the superior court expand its authority in a LUPA action by reviewing that which the legislature, in enacting LUPA, did not allocate to the court the authority to review. Therefore, the petition was properly dismissed.

Nevertheless, Durland raises on appeal the issue of exhaustion of administrative remedies,[4] contending that, although he did not comply with LUPA's exhaustion requirement, this court should excuse his failure to do so because he was not aware that the building permit had been granted until after the deadline for filing an administrative appeal had passed. However, the

---

[4] Exhaustion of administrative remedies is one prerequisite for a petitioner to have standing to bring the petition. The applicable statute provides:

Standing to bring a land use petition under this chapter is limited to the following persons:

(1) The applicant and the owner of property to which the land use decision is directed;

(2) Another person aggrieved or adversely affected by the land use decision, or who would be aggrieved or adversely affected by a reversal or modification of the land use decision. A person is aggrieved or adversely affected within the meaning of this section only when all of the following conditions are present:

(a) The land use decision has prejudiced or is likely to prejudice that person;

(b) That person's asserted interests are among those that the local jurisdiction was required to consider when it made the land use decision;

(c) A judgment in favor of that person would substantially eliminate or redress the prejudice to that person caused or likely to be caused by the land use decision; and

(d) The petitioner has exhausted his or her administrative remedies to the extent required by law.

RCW 36.70C.060.

dispositive issue presented herein is whether the legislature conferred authority to the superior court to review San Juan County's decision to grant the building permit. We do not decide whether Durland had standing to bring the petition. Granting relief from the exhaustion requirement might aid Durland in establishing standing. It could not, however, expand the authority of the court to act.[5]

The superior court properly dismissed the petition.

III

Heinmiller requests an award of attorney fees on appeal. Heinmiller prevailed in the superior court on appeal from San Juan County's issuance of the building permit. Heinmiller prevails on appeal in this court. Accordingly, we grant Heinmiller's request for an award of fees.

Reasonable attorney fees and costs shall be awarded to the prevailing party on appeal of a local government decision "to issue, condition, or deny a development permit involving a site-specific rezone, zoning, plat, conditional use, variance, shoreline permit, building permit, site plan, or similar land use approval or decision." RCW 4.84.370(1). Fees shall be awarded if "[t]he prevailing party on appeal was the prevailing party or substantially prevailing party before the county, city, or town." RCW 4.84.370(1)(a). "Under this statute, parties are entitled to attorney fees only if a county, city, or town's decision is rendered in

---

[5] The doctrine of standing does not implicate the superior court's subject matter jurisdiction. Trinity Universal Ins. Co. of Kansas v. Ohio Cas. Ins. Co., ___ Wn. App.___, 298 P.3d 99, 106 (2013); see also Ullery v. Fulleton, 162 Wn. App. 596, 604-05, 256 P.3d 406, review denied, 173 Wn.2d 1003 (2011). Whether a court has authority to act is determined independent of any inquiry into a petitioner's standing to initiate judicial review.

their favor and at least two courts affirm that decision."[6] Habitat Watch v. Skagit County, 155 Wn.2d 397, 413, 120 P.3d 56 (2005). In addition, RCW 4.84.370 "does not require that the party must have prevailed on the merits" in order to be granted a fee award pursuant to the statute.[7] Prekeges v. King County, 98 Wn. App. 275, 285, 990 P.2d 405 (1999). Heinmiller has prevailed at two court levels. An award of fees is warranted.

Upon proper submission, a commissioner of our court will enter an appropriate award.

Affirmed.[8]

We concur:

---

[6] Division Two has issued conflicting decisions, both citing to Habitat Watch, regarding the circumstances in which an appellate fee award is warranted pursuant to RCW 4.84.370. Cf. Nickum, 153 Wn. App. at 383; Asche v. Bloomquist, 132 Wn. App. 784, 802, 133 P.3d 475 (2006). In Asche, the court concluded that a decision had not been rendered in favor of the party requesting a fee award "because issuing a building permit is ministerial." 132 Wn. App. at 802. By contrast, the court in Nickum determined that "[i]f a party receives a building permit and the decision is affirmed by two courts, they are entitled to fees under [RCW 4.84.370]." 153 Wn. App. at 383. The statute authorizing an award of fees explicitly states that it applies to building permits. See RCW 4.84.370(1) (listing "site-specific rezone, zoning, plat, conditional use, variance, shoreline permit, *building permit*, site plan, or similar land use approval or decision" as decisions to which the statute applies) (emphasis added)). Accordingly, we find the decision in Asche to be less persuasive than the decision in Nickum.

[7] We recognize that Division Two of this court views this question differently. See Witt v. Port of Olympia, 126 Wn. App. 752, 758-59, 109 P.3d 489 (2005); Quality Rock Prods., Inc. v. Thurston County, 126 Wn. App. 250, 275, 108 P.3d 805 (2005); Overhulse Neighborhood Ass'n v. Thurston County, 94 Wn. App. 593, 601, 972 P.2d 470 (1999).

[8] Durland's motion to strike a paragraph in the brief of respondents was referred to the panel. The challenged paragraph is not material to the resolution of this case. We deny the motion.

- 10 -