# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

DAVID C. COTTINGHAM and JOAN S. COTTINGHAM,

Appellants,

v.

RON MORGAN and KAYE MORGAN, MARK COSTELLO, WHATCOM COUNTY and WHATCOM COUNTY BUILDING SERVICES DIVISION OF PLANNING AND DEVELOPMENT SERVICES,

Respondents.

DIVISION ONE

No. 70218-1-I

UNPUBLISHED OPINION

FILED: April 28, 2014

COURT OF APPEALS DIV I STATE OF WASHINGTON 2014 APR 28 AM 9: 40 FILED

DWYER, J. — In this latest iteration of a long-running property dispute between neighbors on Lake Whatcom, the superior court granted summary judgment dismissing David and Joan Cottingham's complaint for declaratory relief and judicial review under the Land Use Petition Act (LUPA), RCW 36.70C. The court also awarded attorney fees and costs to Ron and Kaye Morgan under CR 11 and RCW 4.84.185. We affirm the judgment in all respects and award fees to the Morgans on appeal.[1]

---

[1] Whatcom County appeared below but has not filed a brief on appeal.

I

In 2006, Ron and Kaye Morgan purchased a waterfront lot that shares a boundary with property owned by David and Joan Cottingham.

In August 2006, the Morgans obtained a building permit and began constructing a house, fence, and driveway on their lot. Using a survey they obtained prior to purchasing their lot, the Morgans installed the fence on the boundary shared with the Cottinghams. The Cottinghams did not seek administrative review of the building permit.

In 2007, the Morgans removed eight laurel bushes along the shared boundary in order to construct their driveway.

In June 2009, the Cottinghams sued the Morgans, alleging adverse possession, trespass, conversion, nuisance, and outrage. The Morgans counterclaimed to quiet title. The trial court rejected the nuisance and outrage claims, but concluded that the Cottinghams adversely possessed roughly 300 square feet of the Morgans' property along their shared boundary line. For equitable reasons, the court ruled that the Morgans were entitled to buy back the adversely possessed property for $8,216.55. The court also ruled that the Morgans committed conversion when they removed the laurel bushes and awarded treble damages under the timber trespass statute. The court entered a total judgment of $21,245.49 against the Morgans.

The Cottinghams moved to reconsider, vacate the judgment, or grant a new trial. They argued in part that trial testimony showed that the Morgans'

surveyor ignored plat language and normal practice in locating the property corners, and that newly discovered evidence showed the true property line. The trial court denied the Cottinghams' motions. This court subsequently affirmed, but remanded for correction of an inconsistent conclusion of law. Cottingham v. Morgan, noted at 177 Wn. App. 1010 (2013).

On October 25, 2012, the County granted final occupancy approval under the Morgans' 2006 building permit. The County issued no written decision, but its approval is documented in the record.

The Cottinghams allege that in early November 2012, they timely filed an administrative appeal from the occupancy approval to both the Hearing Examiner and the County Board of Appeals. In support, they submitted dated filing fee receipts for their administrative appeals below. They also submitted their administrative appeal documents, which bore "received" stamps from the office of the Whatcom County Planning and Development Services. The stamp dates are November 5 and November 8, 2012. David Cottingham alleged in a declaration that after he filed the appeals, he "contacted the clerk for the Whatcom County Hearing Examiner for report of the scheduling of this [administrative] appeal, and was informed that no appeal was scheduled and she could find no such appeal." In its memorandum below, the County echoed the clerk's statement, stating that "[n]o appeal was filed with the Hearing Examiner or Whatcom County Council."

On November 15, 2012, the Cottinghams filed this "Land Use Petition and Complaint for Declaratory Judgment" against the Morgans and Whatcom County.

The complaint mirrored the arguments raised in the Cottinghams' administrative appeals. It alleged various defects and misrepresentations regarding the Morgans' survey and building permit. These included the alleged use of "false corner stakes," and failure to disclose the "true boundary" in violation of the Surveyor Recording Act, RCW 58.09.

The complaint also alleged errors by the County in granting occupancy approval. It alleged that "[f]inal occupancy approval includes inspection and approval of building permit conditions including setback performance for compliance with conditions," that the building code allows correction of permit errors and the denial of occupancy if permits contain errors or conflict with the code, that building permits containing material misrepresentations are invalid under state law and Lauer v. Pierce County, 173 Wn.2d 242, 267 P.3d 988 (2011), and that the occupancy approval ignored misrepresentations and errors in the permit and property line. In addition, the Cottinghams alleged that the County failed to issue a *certificate* of occupancy approval as required by the building code.

In the "Remedy" and "Relief" portions of the complaint, the Cottinghams requested invalidation of the 2006 building permit. They also sought declarations that the County lacked authority to grant final occupancy approval under the circumstances, that the Cottinghams have standing to enforce requirements for a "valid, fully complete permit," that the Cottinghams' actual property boundaries are contrary to the findings of the court in the first lawsuit, and that such findings

-4-

were "entered without permit review or use of the special exclusive [LUPA] jurisdiction under RCW 36.70C.030."

The Morgans moved to dismiss the complaint under CR 12(b)(6) and CR 56. In granting summary judgment, the court concluded that the LUPA petition was untimely as to the 2006 building permit, and that the final occupancy approval did not trigger review under LUPA. The court also concluded that "all issues raised and claims made by Cottinghams in this matter[ ] were . . . [previously] litigated" and were therefore barred by res judicata. The court determined that any new claims were also barred by a three-year statute of limitation because they "would have been known to Cottinghams . . . under any conceivable factual situation, by June 30, 2009."

On June 19, 2013, the court entered additional findings, conclusions and an order imposing $29,282.80 in attorney fees and costs against the Cottinghams under CR 11 and RCW 4.84.185. The Cottinghams appeal.

II

The central issue on appeal is whether the superior court erred in granting summary judgment. We review that decision de novo, engaging in the same inquiry as the trial court. Dillon v. Seattle Deposition Reporters, LLC, __ Wn. App. __, 316 P.3d 1119, 1127 (2014). Summary judgment is proper if the pleadings, affidavits, depositions, and admissions on file demonstrate that there is no genuine issue of material fact and that the moving party is entitled to summary judgment as a matter of law. CR 56(c); Dillon, 316 P.3d at 1127. All

reasonable inferences from the evidence must be drawn in favor of the nonmoving party. Lamon v. McDonnell Douglas Corp., 91 Wn.2d 345, 349, 588 P.2d 1346 (1979). Applying these principles here, we conclude that the court properly granted summary judgment.

LUPA Review / Jurisdiction / Exhaustion of Remedies

The Cottinghams first contend that the court erred in dismissing their petition for judicial review. LUPA authorizes judicial review of "land use decisions." RCW 36.70C.030(1). Under RCW 36.70C.020(2), a "land use decision" is a "final determination by a local jurisdiction's body or officer with the highest level of authority to make the determination, including those with authority to hear appeals." Thus, exhaustion of remedies must occur before there is a "land use decision" that a court has statutory authority to review. Durland v. San Juan County, 175 Wn. App. 316, 321-25, 305 P.3d 246, review granted, 179 Wn.2d 1001, 315 P.3d 530 (2013); Ward v. Bd. of Skagit County Comm'rs, 86 Wn. App. 266, 271-73, 936 P.2d 42 (1997). In addition, absent exhaustion, a litigant lacks standing to bring a petition for judicial review under LUPA. RCW 36.70C.060(2)(d). West v. Stahley, 155 Wn. App. 691, 696-97, 229 P.3d 943 (2010); Durland, 175 Wn. App. at 324-25.

There are two potential land use decisions at issue in this case – the Morgans' 2006 building permit and the 2012 final occupancy approval under that permit. It is undisputed that issuance of the 2006 building permit was subject to administrative review, that there was no administrative appeal, and that the

- 6 -

permit decision was not made by the body with the highest authority to make it. Accordingly, the Cottinghams lacked standing to file, and the superior court lacked jurisdiction to hear, their petition for judicial review of the 2006 permit decision. Durland, 175 Wn. App. at 321-22. In addition, because the Cottinghams failed to file a petition for judicial review within 21 days of the permit decision as required by RCW 36.70C.040(3), the decision became final, is deemed valid, and is not subject to collateral attack here. Durland v. San Juan County, 174 Wn. App. 1, 13-14, 298 P.3d 757 (2012).

The Cottinghams' LUPA petition was, however, filed within 21 days of the October 25, 2012 final occupancy approval. But once again, the Cottingham's do not dispute that the occupancy decision was not made by the officer or body with the highest authority to make it. Therefore, the Cottinghams lacked standing to file, and the superior court lacked authority to hear, a LUPA petition from the occupancy decision.

The Cottinghams argue, however, that their failure to exhaust remedies with higher authorities should be excused, and they should receive LUPA review of the occupancy decision, because they attempted to exhaust their remedies with higher authorities but review was unavailable. We rejected essentially the same argument in Durland, stating that "[g]ranting relief from the exhaustion requirement might aid Durland in establishing standing. It could not, however, expand the authority of the court to act." 175 Wn. App. at 325.

In any event, the Cottinghams fail to carry their burden of demonstrating grounds to relieve them from the exhaustion requirement.[2] The exhaustion doctrine ensures that administrative agencies have an opportunity to exercise their expertise, that agencies are allowed to develop the record necessary for judicial review, that courts give proper deference to agencies possessing expertise in areas outside the conventional experience of judges, that litigants do not ignore administrative procedures by resorting to the courts prematurely, and that resort to the courts occurs only if administrative remedies are unsatisfactory. Valley View Indus. Park v. City of Redmond, 107 Wn.2d 621, 633, 733 P.2d 182 (1987); Phillips v. King County, 87 Wn. App. 468, 479-80, 943 P.2d 306 (1997), aff'd, 136 Wn.2d 946, 968 P.2d 871 (1998). Because of these strong policies favoring exhaustion, a litigant has a heavy burden of establishing a "rare factual situation["] warranting relief from the exhaustion requirement. Spokoiny v. Wash. State Youth Soccer Ass'n, 128 Wn. App. 794, 802, 117 P.3d 1141 (2005); Stafne v. Snohomish County, 174 Wn.2d 24, 35, 271 P.3d 868 (2012); Presbytery of Seattle v. King County, 114 Wn.2d 320, 338, 787 P.2d 907 (1990). Whether pursuit of an administrative remedy would be futile is a question for the court. Citizens for Clean Air v. City of Spokane, 114 Wn.2d 20, 30, 785 P.2d 447 (1990).

---

[2] When administrative remedies have not been exhausted, it is the litigant's burden to show that administrative remedies were unavailable or futile. Presbytery of Seattle v. King County, 114 Wn.2d 320, 338, 787 P.2d 907 (1990); Ackerley Commc'ns, Inc. v. City of Seattle, 92 Wn.2d 905, 909-11, 602 P.2d 1177 (1979); Thun v. City of Bonney Lake, 164 Wn. App. 755, 763, 265 P.3d 207 (2011), review denied, 173 Wn.2d 1035 (2012).

The Cottinghams claim they timely filed an administrative appeal, but when they called to inquire about their hearing date, they were told there was no record of their appeal. They then abandoned the administrative appeal and filed a LUPA petition for judicial review. Even when viewed in a light most favorable to the Cottinghams, these facts do not satisfy their heavy burden.

The Cottinghams were not told that administrative remedies were unavailable. The clerk merely indicated that there was no record of their appeal. The Cottinghams could have produced their date-stamped documents and appeal receipts to prove otherwise. If the County then refused to provide them a hearing, administrative remedies would have been unavailable. But instead, the Cottinghams simply abandoned the administrative process without presenting their proof to the County and/or obtaining a decision denying them administrative review. In light of the strong policies favoring exhaustion and the Cottinghams' heavy burden, they have failed to demonstrate the unavailability or futility of their administrative remedies. The court did not err in dismissing the LUPA petition.

Declaratory Relief / Res Judicata / Adequate Available Remedy

In addition to seeking LUPA review, the Cottinghams' complaint sought declaratory relief. The superior court concluded that the non-LUPA claims were either previously litigated in the quiet title action and were now barred by res judicata, or they were barred by the statute of limitation. We conclude the court

did not err in dismissing the request for declaratory relief, but for slightly different reasons.[3]

The Cottinghams' complaint for non-LUPA relief alleged no causes of action for damages against the Morgans or the County.[4] It simply sought declaratory relief regarding the 2006 building permit and the final occupancy approval. Declaratory relief is not available when there is an adequate alternative remedy. Stafne, 174 Wn.2d at 39; Grandmaster Shen-Yen Lu v. King County, 110 Wn. App. 92, 98-99, 38 P.3d 1040 (2002). The party seeking declaratory relief must show the absence of an adequate alternative remedy. Nakata v. Blue Bird, Inc., 146 Wn. App. 267, 279, 191 P.3d 900 (2008). Although declaratory relief is available if a court determines that other available remedies are unsatisfactory, this exceptional relief is rare. Sheng–Yen Lu, 110 Wn. App. at 106. Loss of an adequate remedy due to a party's failure to diligently pursue it does not allow the party to bring an action for declaratory relief. Evergreen Wash. Healthcare Frontier LLC v. Dep't of Social & Health Servs., 171 Wn. App. 431, 452-53, 287 P.3d 40 (2012), review denied, 176 Wn.2d 1028 (2013). We review a court's dismissal of a request for declaratory relief for abuse of discretion. Shen-Yen Lu v. King County, 110 Wn. App. at 99.

To the extent the Cottinghams' action for declaratory relief arises either from issues that were or could have been litigated in the quiet title action, or from

---

[3] We may affirm an order granting summary judgment on any basis supported by the record. LaMon v. Butler, 112 Wn.2d 193, 200-01, 770 P.2d 1027 (1989).

issues that could have been pursued in an administrative appeal from the permit decision, it is barred by the doctrine of res judicata and/or the finality of the unappealed permit. See Chelan County v. Nykreim, 146 Wn.2d 904, 940, 52 P.3d 1 (2002) (boundary line adjustment that conflicted with County regulations but was not appealed was final and could not later be challenged); Durland, 174 Wn. App. at 13 ("a party may not collaterally challenge a land use decision for which the appeal period has passed via a challenge to a subsequent land use decision"); Kelly-Hansen v. Kelly-Hansen, 87 Wn. App. 320, 329, 941 P.2d 1108 (1997) (res judicata prevents relitigation of claims that were or should have been decided among the parties in an earlier proceeding).[5] This includes declaratory relief based on the 2006 permit, the property boundary, the Morgans' survey, and all issues litigated at trial and in the Cottinghams' posttrial motion to vacate.

To the extent the requested declaratory relief is based on issues relating to occupancy approval or other matters that could not have been pursued in the prior litigation, it is barred by the rule that declaratory relief is not available when there is an adequate alternative remedy. The Cottinghams do not claim that an administrative appeal from the occupancy approval would be an inadequate remedy. Rather, they claim that an administrative appeal was not available or

---

[4] Ironically, the Cottinghams recognize in their reply brief that "[a] complaint must at least identify the legal theories upon which the plaintiff is seeking recovery. Molloy v. City of Bellevue, 71 Wn. App. 382, 385, 859 P.2d 613 (1993)."

[5] While res judicata might not bar claims for declaratory relief against the County since it was not a party to the prior litigation, the cited cases indicate that the finality of the unappealed building permit bars any claims against the County for declaratory relief that are based on the permit.

futile. As discussed above, they have failed to carry their burden on that claim. The superior court properly dismissed the request for declaratory relief.

CR 11 Sanctions / Attorney Fees

The Cottinghams challenge the superior court's award of fees and costs under CR 11 and RCW 4.84.185. We review such awards for abuse of discretion. In re Recall of Lindquist, 172 Wn.2d 120, 135-36, 258 P.3d 9 (2011). Johnson v. Mermis, 91 Wn. App. 127, 135, 955 P.2d 826 (1998). There was no abuse of discretion here.

The superior court awarded fees under CR 11 because the complaint was "not supported by any fact or law or reasonable argument for any extension of existing law." The court also concluded that the Cottinghams arguments were "were filed at least in part to harass and/or annoy Morgans," and "were frivolous and advanced without reasonable cause in violation of RCW 4.84.185." The court found that the Cottinghams' pleadings were "chaotic, convoluted, and difficult to understand, which pleadings required a substantial amount of time to understand and thoughtfully respond."

The Cottinghams' opening brief contains a rambling, often incoherent argument regarding the award of fees that provides no meaningful legal analysis. They simply fail to demonstrate an abuse of discretion.[6]

---

[6] We need not consider claims that are not supported by meaningful legal analysis. State v. Elliott, 114 Wn.2d 6, 15, 785 P.2d 440 (1990); In re the Marriage of Arvey, 77 Wn. App. 817, 819 n. 1, 894 P.2d 1346 (1995). To the extent the Cottinghams reply brief contains more coherent arguments on this point, the arguments come too late and we decline to consider them. Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992); Dykstra v. County of Skagit, 97 Wn. App. 670, 676, 985 P.2d 424 (1999).

The Morgans request attorney fees on appeal, arguing that the appeal is frivolous. RAP 18.9. An appeal is frivolous if it is so totally devoid of merit that there is no reasonable possibility of reversal. Green River Cmty. Coll. Dist. No. 10 v. Higher Educ. Pers. Bd., 107 Wn.2d 427, 443, 730 P.2d 653 (1986). As briefed by the Cottinghams, this appeal presents no debatable issues.[7] The Morgans are entitled to fees and costs on appeal, subject to their compliance with RAP 18.1.

Affirmed.

We concur:

_____
Spearman, C.J.

_____
Dwyer, J.

_____
Cox, J.

---

[7] We note that, like the court below, our review of this case has been hampered by poor, often indecipherable, briefing by the Cottinghams. For example, they argue:

> Cottinghams therefore identified a request to review an agency decision to waive Morgans' Exemption Condition violation for its quality as an interpretive and enforcement decision affecting their reliance upon announced assurance by ordinance, in a petition brought as soon as mandated enforcement was actually decided against and administrative remedies had been requested without responsive acceptance of jurisdiction by Whatcom County.

Appellants' Reply Br. at 7.