IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| RICKY DUANE BOLAN,<br><br>　　　　　Appellant,<br><br>　v.<br><br>THURSTON COUNTY COMMUNITY PLANNING & ECONOMIC DEVELOPMENT DEPARTMENT,<br><br>　　　　　Respondents. | No. 86851-9-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

COBURN, J. — Ricky Bolan challenged an April 2023 second Notice of Violation (NOV) served on his landlord for the presence of excess junk vehicles and any material on the property which was in the critical areas of a 100-foot buffer of Salmon Creek. Bolan filed a pro se Petition for Declaratory Judgment Injunctive Relief in July 2023. We hold that the superior court properly dismissed Bolan's complaint because he failed to file a timely Land Use Petition Act (LUPA)[1] challenging the validity of the NOV.

FACTS

Paul Kross owns property located at 9942 Littlerock Road Southwest in Olympia, Washington. In March 2010, Thurston County notified Kross of action he needed to take in order to comply with the Thurston County Critical Area Ordinance and Thurston County Zoning Ordinance. This included limiting the number of junk vehicles to four on

---

[1] Chapter 36.70C RCW.

the parcel.

On April 19, 2023, Thurston County issued a second NOV to Kross after receiving another complaint regarding unpermitted activity on his 9942 Littlerock Road property. The County explained that the Department of Ecology has identified state water, known as Salmon Creek, as requiring a 100-foot buffer. The County notified Kross that in order to bring the property within compliance with all applicable County codes, Kross needed to apply for intended uses or vegetation removal subject to Critical Area Review requirements; and remove junk vehicles located in critical areas and buffers. On May 17, 2023, Kross contacted Shauna Abbenhaus, compliance coordinator with the Thurston County Community Planning & Economic Development Office, requesting an extension of time to comply with the second NOV. His extension was granted from thirty (30) to ninety (90) days. The majority of the property that needed to be moved belongs to Bolan who has been renting and storing vehicles and belongings on Kross' subject property.

In response to the April NOV, on July 5, 2023, Bolan filed a Petition for Declaratory Judgment for Injunctive Relief against Thurston County's Community Planning & Economic Development Department. Bolan prayed for an injunction to stay the execution of the NOV, which he claimed was an unconstitutional invasion of his private affairs.

Bolan filed a motion for summary judgment. The County filed a motion to dismiss under CR 12(b)(1) and (6). The County maintained that Bolan lacked standing to bring his claims before the court because he failed to timely appeal under LUPA.

2

After considering the pleadings, including Abbenhaus' declaration and exhibits in support of the County's motion to dismiss, and oral argument, the trial court granted the County's motion and dismissed Bolan's action with prejudice.

Bolan appeals.

DISCUSSION

Declaratory Judgment

Bolan contends that the trial court erred when it did not consider the merits of his claim. We disagree.

A trial court's ruling on a motion to dismiss for failure to state a claim upon which relief can be granted under CR 12(b)(6) is a question of law that we review de novo. West v. Stahley, 155 Wn. App. 691, 696, 229 P.3d 943 (2010). "A trial court should dismiss a claim under CR 12(b)(6) only if it appears beyond a reasonable doubt that no facts justifying recovery exist." Id. at 696. Courts presume the allegations of the complaint to be true for the purpose of such a motion. Berst v. Snohomish County, 114 Wn. App. 245, 251, 57 P.3d 273 (2002).

If materials outside of the pleadings are considered, the CR 12(b)(6) motion is treated as a summary judgment motion under CR 56. Id. The court in this case did consider materials outside the pleadings. Thus, we review the decision on the basis of CR 56. We may affirm an order granting summary judgment if there are no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Id. The parties do not dispute any material facts. Thus, the only question before us is a legal one: whether LUPA bars Bolan's claim.

LUPA "pertains to judicial review of all land use decisions with some exceptions noted in the statute." Chelan County v. Nykreim, 146 Wn.2d 904, 916, 52 P.3d 1 (2002). While four exceptions are provided regarding LUPA's governance, code enforcement NOVs is not included. RCW 36.70C.030(1).

RCW 36.70C.020(1)(c) broadly defines "land use decision" to include:

[A] final determination by a local jurisdiction's body or officer with the highest level of authority to make the determination, including those with authority to hear appeals, on . . . . [t]he enforcement by a local jurisdiction of ordinances regulating the improvement, development, modification, maintenance, or use of real property.

LUPA's stated purpose is "timely judicial review." RCW 36.70C.010; Habitat Watch v. Skagit County, 155 Wn.2d 397, 406, 120 P.3d 56 (2005). LUPA "establishes a uniform 21–day deadline for appealing the final decisions of local land use authorities and is intended to prevent parties from delaying judicial review at the conclusion of the local administrative process." Habitat Watch, 155 Wn.2d at 406; RCW 36.70C.040(3). Land use decisions become unreviewable if not appealed to a superior court within LUPA's specified timeline. Habitat Watch, 155 Wn.2d at 406-07; RCW 36.70C.040(2) (A land use petition is barred, and the court may not grant review, unless the petition is timely filed). "[E]ven illegal decisions must be challenged in a timely, appropriate manner." Habitat Watch, 155 Wn.2d at 407 (citing Pierce v. King County, 62 Wn.2d 324, 334, 382 P.2d 628 (1963)).

Bolan contends that the trial court erred because he did not make a claim under LUPA and does not fall under the purview of LUPA because he is not the landowner of the subject property. But the requirement to exhaust administrative remedies applies regardless of whether the petitioner is the owner of the property, or an aggrieved third-

party. See West, 155 Wn. App. 691 (applying strict compliance with LUPA's failure to exhaust requirement to a non-owner petitioner).

Bolan failed to comply with the statutory 21-day deadline required under LUPA for filing a land use petition. RCW 36.70C.040(3). There are no equitable exceptions to the requirement that a party exhaust administrative remedies before they may have standing under LUPA. Durland v. San Juan County, 182 Wn.2d 55, 60, 340 P.3d (2014). Failing to meet this crucial procedural requirement bars any further consideration of his claim on its merits. Even if Bolan had standing or properly framed his claims under LUPA, his failure to meet this deadline independently warrants dismissal of his appeal, further justifying the trial court's decision to dismiss the case.

Although Bolan has expressed that he is not challenging the land use decision, his request for an injunction and to "stay the execution" of the NOV directives constitutes a land use decision challenge. As this court has previously held, under such circumstances where requested relief demonstrates a challenge to a land use decision, LUPA applies. Brotherton v. Jefferson County, 160 Wn. App. 699, 705, 249 P.3d 666 (2011).

The trial court correctly dismissed Bolan's claim.

### Declaratory Judgment

Bolan next argues that the trial court erred in dismissing his action because he has standing under the Uniform Declaratory Judgments Act (UDJA), chapter 7.24 RCW. We disagree.

"[U]nder the Uniform Declaratory Judgments Act, trial courts have discretion to determine whether to entertain a declaratory judgment action." Nollette v. Christianson,

5

115 Wn.2d 594, 599, 800 P.2d 359 (1990). "We review a trial court's dismissal of a declaratory judgment action for abuse of discretion." Hartstene Pointe Maint. Ass'n v. Diehl, No. 45739–3–II, slip op. at 5 (Wash. Ct. App. June 23, 2015) (unpublished), https://www.courts.wa.gov/opinions/pdf/D2%2045739-3-II%20%20Unpublished%20Opinion.pdf. "Injunctive relief is an equitable remedy, and we review a trial court's decision to grant an injunction and the terms of that injunction for an abuse of discretion." Kitsap County v. Kitsap Rifle & Revolver Club, 184 Wn. App. 252, 297, 337 P.3d 328 (2014).

"A trial court abuses its discretion when its decision is manifestly unreasonable or based on untenable grounds or reasons." State v. Gallagher, 112 Wn. App. 601, 609, 51 P.3d 100 (2002).

A justiciable controversy is:

"(1) . . . an actual, present and existing dispute, or the mature seeds of one, as distinguished from a possible, dormant, hypothetical, speculative, or moot disagreement, (2) between parties having genuine and opposing interests, (3) which involves interests that must be direct and substantial, rather than potential, theoretical, abstract or academic, and (4) a judicial determination of which will be final and conclusive."

Wash. State Republican Party v. Wash. State Pub. Disclosure Comm'n, 141 Wn.2d 245, 284, 4 P.3d 808 (2000) (alteration in original) (internal quotation marks omitted) (quoting Wash. State Coal. for the Homeless v. Dep't of Soc. & Health Servs., 133 Wn.2d 894, 917, 949 P.2d 1291 (1997)). Each of these four elements must be met, otherwise the court "steps into the prohibited area of advisory opinions." Diversified Indus. Dev. Corp. v. Ripley, 82 Wn.2d 811, 815, 514 P.2d 137 (1973). Standing requires a party to "have some protectable interest that has been invaded or is about to be invaded." Orion Corp. v. State, 103 Wn.2d 441, 455, 693 P.2d 1369 (1985).

Bolan asserts that his justiciable controversy exists because the NOV issued against his landlord directly impacts his interests by trying to "force an immediate exodus" that will result in the "illegal impoundment of [his] vehicles." However, the April NOV directed to Kross stated, "Failure to comply with the Thurston County Critical Area Ordinance and Thurston County Zoning Ordinance could result in the issuance of a Class 2 Civil Infraction or other legal actions as appropriate." We need not determine if Bolan meets all the elements required to satisfy a justiciable controversy because he fails to show an actual, present, and existing dispute, not a speculative or theoretical harm.

We affirm.

_Coburn, J._

WE CONCUR:

_Chung, J._          _Hazelrigg, ACJ_