2014 NOV 10 AM 8: 24


# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 70643-8-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MANUEL JUAREZ-GARCIA, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: November 10, 2014 |
| | ) | |

VERELLEN, J. — Manuel Juarez-Garcia contends that the State assumed the burden of proving beyond a reasonable doubt which specific act of rape caused the child victim's pregnancy, an aggravating circumstance. But the to-convict instructions and special verdict forms did not require the State to prove which of the multiple rapes resulted in the victim's pregnancy. Viewing the evidence and all reasonable inferences in the light most favorable to the State, there is sufficient evidence for a rational trier of fact to conclude that one of the three acts of rape caused the victim's pregnancy.

Juarez-Garcia also contends that the double jeopardy prohibition on multiple punishments is offended when a sentence enhancement includes an "element" that is the same as the basis for one of his convictions. Because the legislature clearly intends to impose an enhanced punishment here, no double jeopardy violation exists.

Juarez-Garcia's other arguments are unpersuasive. We affirm.

FACTS

On five separate occasions between July 2012 and November 2012, Juarez-Garcia had sexual contact with his 14-year-old stepdaughter. The jury found that he had sexual intercourse with the victim on three of those five occasions.

The first incident involving sexual intercourse occurred in the back seat of a vehicle at the labor camp. The jury found Juarez-Garcia guilty of second degree rape by forcible compulsion (count I), second degree child rape (count II), and second degree child molestation (count III).

The second incident involving sexual intercourse occurred in the back seat of a vehicle at a Fred Meyer parking lot. The jury found Juarez-Garcia guilty of forcible rape (count IV), child rape (count V), and child molestation (count VI).

The third incident involving sexual intercourse occurred outdoors. The jury found Juarez-Garcia guilty of forcible rape (count IX), child rape (count X), and child molestation (count XI).

The victim became pregnant, and she had an abortion in December 2012. DNA evidence established a 99.99991 percent probability that Juarez-Garcia fathered the aborted fetus. At trial, the victim testified that she was not pregnant upon arriving in Washington and that she had her period in both California and Washington before she became pregnant. The victim also testified that the first time (and only times) she had sex was with Juarez-Garcia in Washington and that no consensual sex occurred between the victim and Juarez-Garcia.

The jury convicted Juarez-Garcia of three counts of forcible rape (counts I, IV, and IX); three counts of child rape (counts II, V, and X); four counts of child molestation

(counts III, VI, VIII, and XI); and one count of attempted second degree child rape (count XII).

Juarez-Garcia's forcible rape convictions were enhanced by the jury's special verdict finding that the victim was under the age of 15 at the time of the offense.[1] For Juarez-Garcia's forcible rape and child rape convictions, the jury returned special verdicts finding that the rapes resulted in the victim's pregnancy—an aggravating circumstance under RCW 9.94A.535(3)(i).[2]

At sentencing, the trial court found that three of the child molestation convictions (counts III, VI, and XI) merged with the child rape convictions. The trial court also found that the three child rape convictions constituted the same criminal conduct as the three forcible rape convictions. The trial court imposed an exceptional sentence of 40 years on the forcible rape convictions.

Juarez-Garcia appeals.

## ANALYSIS

Juarez-Garcia contends that the State assumed the burden of proving beyond a reasonable doubt which specific act of rape caused the victim's pregnancy and that there is insufficient evidence to support the jury's special verdict as to the aggravating circumstance. Viewing the evidence in the light most favorable to the State, a rational

---

[1] The under-15 sentence enhancement was charged and applied only to the forcible rape convictions. See RCW 9.94A.837.

[2] A trial court may impose an exceptional sentence where a jury finds beyond a reasonable doubt that "[t]he offense resulted in the pregnancy of a child victim of rape." RCW 9.94A.535(3)(i). Although the jury returned a special verdict that the crime resulted in the victim's pregnancy for three counts of forcible rape and three counts of child rape, the trial court observed at sentencing that only the charge in count IV, forcible rape, resulted in the victim's pregnancy. The trial court offered no explanation for the difference between the jury's special verdict and the trial court's observation.

trier of fact could find there is sufficient evidence that the victim became pregnant as a result of any one of the three acts of rape by Juarez-Garcia. The State did not assume any greater burden.

Juarez-Garcia acknowledges that, in multiple rape cases involving the pregnancy aggravating circumstance, the State does not normally have the burden of proving which specific act of rape caused the victim's pregnancy; that aggravating circumstance is not an element of the crime.[3] But Juarez-Garcia contends that the Hickman doctrine compelled the State to prove beyond a reasonable doubt which specific act of rape caused the victim's pregnancy because of the combined impact of the "separate and distinct" language in the to-convict instructions and the phrasing of the special verdict forms.[4] We disagree.

Where multiple counts allegedly occur within the same charging period in sexual abuse cases, the to-convict instructions must make it manifestly apparent that each count is based on proof of a separate and distinct act.[5] Here, the State alleged that multiple counts of sexual abuse occurred within the same charging period. The to-

---

[3] E.g., State v. Brett, 126 Wn.2d 136, 154-55, 892 P.2d 29 (1995) ("Aggravating circumstances, however, are not elements of the crime, but 'aggravation of penalty' factors.") (citation and internal quotation marks omitted).

[4] The Hickman doctrine, one aspect of the broader "law of the case" doctrine, holds that elements added to the to-convict instruction become the "'law of the case' which the State must prove beyond a reasonable doubt to prevail." State v. Hickman, 135 Wn.2d 97, 99, 954 P.2d 900 (1998).

[5] State v. Borsheim, 140 Wn. App. 357, 366-67, 165 P.3d 417 (2007).

convict instructions, thus, properly required that each of the multiple alleged incidents of rape must be established as separate and distinct acts.[6]

The State had the burden of proving beyond a reasonable doubt the aggravating circumstance that "[t]he offense resulted in the pregnancy of a child victim of rape."[7] The two special verdict forms here followed the same format, with two blanks for the jury to complete in answering the question whether "the crime result[ed] in the pregnancy of a child victim of rape?"[8] In answering "yes," the jury also had to fill in the blank in the preamble identifying "the crime(s)" that supported the aggravating circumstance. In the special verdict form for forcible rape, the jury identified "the crime(s)" by filling in counts I, IV, and IX. In the special verdict form for child rape, the jury filled in counts II, V, and X. Thus, for all of Juarez-Garcia's rape convictions, the jury found beyond a reasonable doubt that as to "the crime(s)," consisting of the rape counts identified by the jury, "the crime result[ed] in the pregnancy of a child victim of rape."[9] Although it would have been more precise to use the language "the crime(s)" both in the preamble and in the question on each form, the completed special verdict forms adequately reflect the jury's determination that the victim became pregnant as a result of one of Juarez-Garcia's three acts of rape.

---

[6] Consistent with this requirement, jury instruction 25 provided, "A separate crime is charged in each count. You must decide each count separately. Your verdict on one count should not control your verdict on any other count." Clerk's Papers at 93.

[7] See RCW 9.94A.535(3)(i), .537(3). The parties do not dispute that the State had the burden of proving beyond a reasonable doubt the elements of forcible rape under RCW 9A.44.050 and child rape under RCW 9A.44.076.

[8] Clerk's Paper at 111, 112.

[9] Id. at 111-12.

5

Juarez-Garcia cites no authority that a special verdict form's wording, read together with the separate and distinct language in a to-convict instruction, results in the State assuming the burden of proving which specific act of rape caused the victim's pregnancy or, even more illogically, that each rape caused a separate pregnancy. With or without the separate and distinct language in the to-convict instruction, the special verdict forms simply do not require the jury to find which specific act of rape caused the child victim's pregnancy. Juarez-Garcia does not establish any combined impact of the to-convict instruction and the special verdict forms. Therefore, the State did not assume the burden of proving which specific act of rape caused the child victim's pregnancy.

Moreover, Juarez-Garcia provides no authority that the Hickman doctrine applies to a jury's finding of an aggravating circumstance in a special verdict form. Unlike in Hickman, where the to-convict instruction added venue as an additional element for the jury to consider, the to-convict instruction here did not include the aggravating circumstance. Notably, no cases have applied the Hickman doctrine to a special verdict form.[10]

Juarez-Garcia also contends that there is insufficient evidence to support the jury's finding that the victim became pregnant as a result of any one of the three acts of rape. We disagree.

A challenge to the sufficiency of the evidence admits the truth of the State's evidence and all reasonable inferences that can be drawn from them.[11] We review the

---

[10] See generally State v. France, 180 Wn.2d 809, 814 n.2, 816, 818, 329 P.3d 864 (2014) (recognizing that the State's burden to prove facts beyond the elements of a crime arises in limited circumstances under the Hickman doctrine).

[11] State v. Salinas, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992).

evidence "in the light most favorable to the State."[12] Evidence is sufficient to support an aggravating circumstance if it allows any rational trier of fact to find the aggravating circumstance beyond a reasonable doubt.[13]

Here, the victim testified that she was not pregnant upon arriving in Washington and that she had her period in both California and Washington before she became pregnant. The victim testified that the first time (and only times) she had sex was with Juarez-Garcia in Washington and that no consensual sex occurred between her and Juarez-Garcia. DNA[14] evidence also established a 99.99991 percent probability that Juarez-Garcia fathered the aborted fetus. The victim's testimony supports a reasonable inference that she became pregnant in Washington as the result of one of the rapes and that no other act of sexual intercourse could have caused her pregnancy.[15] Viewing the evidence in the light most favorable to the State, there is sufficient evidence to sustain the jury's finding beyond a reasonable doubt that the victim became pregnant as a result of one of the three acts of rape by Juarez-Garcia between July 2012 and November 2012.

---

[12] State v. Varga, 151 Wn.2d 179, 201, 86 P.3d 139 (2004).

[13] Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); see also State v. Chanthabouly, 164 Wn. App. 104, 142, 262 P.3d 144 (2011) ("We review a jury's special verdict finding the existence of an aggravating circumstance under the sufficiency of the evidence standard.").

[14] Deoxyribonucleic acid.

[15] Juarez-Garcia suggests that the State successfully opposed admission of evidence that might have shed light on the gestational period for the fetus. But Juarez-Garcia does not assign error to the trial court's ruling excluding hearsay testimony by a nurse practitioner who overheard statements by others regarding the victim's gestational period. Further, nothing in the record suggests that the State objected to the admissibility of this evidence in an attempt to frustrate any defense theory that the rapes were not the source of the victim's pregnancy.

Juarez-Garcia contends that the trial court erred when it failed to enter written findings of fact and conclusions of law supporting its imposition of an exceptional sentence. Generally, a trial court should make written findings of fact and conclusions of law supporting the imposition of an aggravating circumstance. Whenever an exceptional sentence is imposed, "the court shall set forth the reasons for its decision in written findings of fact and conclusions of law."[16] But a trial court's failure to enter findings of fact and conclusions of law supporting an exceptional sentence is harmless if the jury's finding of the aggravating circumstance supports the exceptional sentence and the trial court's oral ruling or memorandum decision provides an adequate basis for appellate review.[17]

Here, the judgment and sentence explicitly recites that the trial court found substantial and compelling reasons justifying an exceptional sentence based on the pregnancy aggravating circumstance as found by the jury in a special verdict.[18] The record and the written judgment and sentence are sufficiently clear regarding the reasons for imposing an exceptional sentence. Therefore, the trial court's failure to enter mandatory written findings and conclusions when it imposed an exceptional sentence is harmless and not a basis for relief on appeal.

---

[16] RCW 9.94A.535; see also State v. Hale, 146 Wn. App. 299, 306, 189 P.3d 829 (2008).

[17] State v. Bluehorse, 159 Wn. App. 410, 423, 248 P.3d 537 (2011) ("[W]here 'the trial court's oral opinion and the hearing record are sufficiently comprehensive and clear that written facts would be a mere formality, the trial court's failure to enter mandatory written findings and conclusions is harmless.'") (quoting State v. Hickman, 157 Wn. App. 767, 771 n.2, 238 P.3d 1240 (2010)).

[18] In its oral decision, the trial court used the term "exceptional sentence" to describe both the under-15 sentence enhancement and the pregnancy aggravating circumstance. But the judgment and sentence clearly reflects the exceptional sentence is based upon the pregnancy aggravating circumstance.

Juarez-Garcia contends that because the under-15 sentence enhancement includes a status "element" based on the victim's age, and a separate offense—child rape—includes a status element based on the victim's age, the double jeopardy prohibition on multiple punishments is violated.[19] We disagree.

We review double jeopardy claims de novo.[20] Both the federal and state constitutions protect against multiple prosecutions for the same conduct and multiple punishments for the same offense.[21] But "'[w]ithin constitutional constraints,' the legislature is free to define crimes and punishments as it sees fit."[22]

Juarez-Garcia was charged and convicted of both forcible rape and child rape. The jury, in a special verdict, found that for each of the three forcible rape convictions, "the victim was under fifteen years of age at the time of the offense."[23] The under-15 sentence enhancement, therefore, applied only to Juarez-Garcia's convictions for forcible rape.

---

[19] As clarified at oral argument, Juarez-Garcia contends that under the same evidence test, see State v. Jackman, 156 Wn.2d 736, 747-51, 132 P.3d 136 (2006), we do not compare the elements of forcible rape (the predicate offense to which the under-15 sentence enhancement was applied) plus the under-15 sentence enhancement "element" with the elements of child rape. Rather, we should compare only the requirements for the under-15 sentence enhancement with the elements of child rape to determine if double jeopardy is violated.

[20] State v. Smith, 177 Wn.2d 533, 545, 303 P.3d 1047 (2013).

[21] U.S. CONST. amend. V; WASH. CONST. art. I, § 9; State v. Kelley, 168 Wn.2d 72, 77, 226 P.3d 773 (2010).

[22] Smith, 177 Wn.2d at 545 (internal quotation marks omitted) (quoting State v. Calle, 125 Wn.2d 769, 776, 888 P.2d 155 (1995)).

[23] RCW 9.94A.837(2); State v. Rice, 159 Wn. App. 545, 569, 246 P.3d 234 (2011) ("On a finding of the RCW 9.94A.837 special allegation, a defendant's sentence must be enhanced.").

State v. Rice specifically addressed the validity of the under-15 sentence enhancement in the double jeopardy context.[24] In Rice, the defendant was convicted of first degree kidnapping and first degree child molestation. An under-15 sentence enhancement was applied to the defendant's first degree kidnapping conviction. The under-15 sentence enhancement increased the defendant's presumptive or standard sentencing range,[25] with the minimum term either becoming "the maximum of the standard sentence range for the offense or twenty-five years, whichever is greater."[26] The defendant argued that because the predicate first degree child molestation charge used to charge first degree kidnapping involved a victim less than 12 years old, a sentence enhancement based on the victim's age constituted a second punishment for the same offense.[27] Although the sentence enhancement coincided with an underlying element of the predicate offense (first degree child molestation), Rice held that the defendant's legislatively mandated under-15 sentence enhancement did not violate double jeopardy.[28]

Juarez-Garcia points this court to the United States Supreme Court's recent decision in Alleyne v. United States.[29] Alleyne held that, consistent with Apprendi v.

---

[24] 159 Wn. App. 545, 568-70, 246 P.3d 234 (2011).

[25] Rice noted that while "[s]entencing enhancements increase the presumptive or standard sentencing range, . . . they do not require a finding of an aggravating factor [under RCW 9.94A.535(3)] that allows the trial court to consider imposing an exceptional sentence outside the presumptive or standard sentencing range." Id. at 569.

[26] Former RCW 9.94A.712 (2006), recodified as RCW 9.94A.507(3)(c)(ii).

[27] Rice, 159 Wn. App. at 568-69.

[28] Id. at 568-70.

[29] __ U.S. __, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013).

New Jersey[30] and its progeny, for purposes of the Sixth Amendment right to a jury trial, any fact (i.e., a sentencing factor) that increases the punishment for a crime is an "element" of that crime and must be found by a jury and proved beyond a reasonable doubt.[31] Alleyne determined that "facts increasing the legally prescribed floor [of the sentencing range] aggravate the punishment."[32] Here, Juarez-Garcia argues that, because Alleyne eliminated any distinction between sentencing enhancements and aggravating circumstances, Alleyne invalidated Rice's holding. But Alleyne is limited to the Sixth Amendment, does not mention double jeopardy, and does not indirectly impact double jeopardy analysis.[33]

More importantly, as recognized in prior Washington cases, Apprendi and its progeny did not alter the double jeopardy landscape because "none of [those] cases concern[ed] the double jeopardy clause."[34] And they do not make a sentencing factor—

---

[30] 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000).

[31] Alleyne, 133 S. Ct. at 2158.

[32] Id. at 2161.

[33] See United States v. Arzate, No. 13-30008-RWZ, 2013 WL 6531121, at *2 (D. Mass. Dec. 13, 2013) ("[Alleyne] says nothing about . . . double jeopardy.").
We note that the recent decision in State v. McEnroe, No. 89881-2 (Wash. Sept. 4, 2014), does not impact our analysis. In McEnroe, the defendants argued that a jury finding of an absence of "sufficient mitigating circumstances to merit leniency" in a death penalty case constituted an essential element of capital murder that must be charged in the information based on Alleyne. McEnroe, slip. op. at 3-4. Our Supreme Court disagreed. McEnroe recognized that Alleyne does not literally mean that such a fact becomes an "element" for all purposes. Just because Alleyne recognizes that any fact that enhances a punishment is an "element" of the crime that must be found beyond a reasonable doubt by a jury for Sixth Amendment purposes, that does not mean it must also be treated as an "element" for purposes of the charging document. Id. at 7-11. McEnroe noted that the only constitutional provisions at issue in Apprendi and Alleyne are the Sixth and Fourteenth Amendments, not the Fifth Amendment. Id. at 11.

[34] Kelley, 168 Wn.2d at 82; State v. Aguirre, 168 Wn.2d 350, 367, 229 P.3d 669 (2010).

either a sentence enhancement or an aggravating circumstance—an "element" of an "offense" for double jeopardy purposes. The core principle underlying Washington case law is that when the legislature clearly intends to impose cumulative punishment for the same act or conduct, double jeopardy is not violated.[35]

Here, the legislature clearly intended to impose cumulative punishment. Juarez-Garcia was convicted of forcible rape, to which the under-15 sentence enhancement applied. Under RCW 9.94A.837, the under-15 sentence enhancement only applies to first degree rape, second degree rape, indecent liberties by forcible compulsion, and first degree kidnapping with sexual motivation. In addition, the legislative history clearly states that the under-15 sentence enhancement was intended to "result in more severe punishment for certain sex offenses against children . . . by increasing the minimum sentences to twenty-five years or the maximum of the standard sentence range, whichever is greater, for . . . rape of a child in the second degree."[36] Juarez-Garcia provides no compelling argument that the presence of the child rape convictions, found to be the same criminal conduct as his forcible rape convictions, alters the clear legislative intent to enhance the forcible rape convictions based on the victim's age.[37]

---

[35] See, e.g., Kelley, 168 Wn.2d at 77 ("A legislature can enact statutes imposing, in a single proceeding, cumulative punishments for the same conduct."); Aguirre, 168 Wn.2d at 366-67; Rice, 159 Wn. App. at 570; State v. Eaton, 143 Wn. App. 155, 160, 177 P.3d 157 (2008) ("[A] sentence enhancement is not a separate sentence or a separate substantive crime.").

[36] H.B. 3277, 59th Leg., Reg. Sess. (Wash. 2006).

[37] The trial court ordered that all counts be served concurrently. The length of Juarez-Garcia's total confinement of 40 years is the same, with or without the multiple child rape convictions.

12

Because the legislature's intent is clear, double jeopardy analysis ends, and we need not entertain a Blockburger "same evidence" analysis.[38]

The State moves to strike a portion of Juarez-Garcia's reply brief that relies on hearsay evidence excluded at trial. A "motion to strike is typically not necessary to point out evidence and issues a litigant believes this court should not consider."[39] Because the challenged portion of Juarez-Garcia's reply brief is neither material nor relevant to this case's resolution, striking the brief is unnecessary.[40] And, in any event, we have not relied upon the arguments that Juarez-Garcia improperly included in his reply brief.[41] We therefore deny the State's motion to strike.

Affirmed.

WE CONCUR:

_____

_____ _____

---

[38] See Blockburger v. United States, 284 U.S. 299, 304, 52 S. Ct. 180, 76 L. Ed. 306 (1932).

[39] Engstrom v. Goodman, 166 Wn. App. 905, 909 n.2, 271 P.3d 959 (2012).

[40] See Durland v. San Juan County, 175 Wn. App. 316, 327 n.8, 305 P.3d 246, review granted, 179 Wn.2d 1001, 315 P.3d 530 (2013).

[41] See Norton v. U.S. Bank Nat'l Ass'n, 179 Wn. App. 450, 463, 324 P.3d 693, review denied, 180 Wn.2d 1023, 328 P.3d 903 (2014).