936 P.2d 42 (1997)
86 Wash.App. 266
Ernest WARD and Patti Ward, Appellants,
v.
The BOARD OF COUNTY COMMISSIONERS, SKAGIT COUNTY, Respondent.
No. 38057-5-I.
Court of Appeals of Washington, Division 1.
May 5, 1997.
*44 Paul William Taylor, Mount Vernon, for Appellants.
John Roberts Moffat, Deputy Pros. Atty., Mount Vernon, for Respondent.
*43 ELLINGTON, Judge.
Property owners Ernest and Patti Ward ("the Wards") sought a variance and special use permit to operate a business from their residence. The Superior Court dismissed their land use petition for failure to exhaust administrative remedies. We reject the Wards' contention that applicants and owners of land need not exhaust their administrative remedies prior to filing a land use petition under the Land Use Petition Act (LUPA), RCW 36.70C.005 et seq., and affirm the trial court's decision.

FACTS
On April 20, 1995, the Wards filed applications for a variance and a special use permit with the Skagit County Department of Planning and Community Development. The Wards sought the special use permit to allow the operation of an electrical service, construction, and design business from their residence as a home occupation, and they sought the variance to permit up to 25 employees at that location.[1] After a public hearing, the Skagit County Hearing Examiner issued a decision dated August 7, 1995 denying the Wards' applications. The decision states that it "shall become final fourteen (14) days from the date of this decision unless appealed in accordance with Section 14.04.240(16) of the Skagit County Code." That section of the county code provides that any person aggrieved by a decision of the hearing examiner must submit a written appeal to the Board of County Commissioners ("the Board") "within fourteen (14) days of the date of the Examiner's written decision, or decision after reconsideration, requesting a review of the Examiner's decision." The section goes on to enumerate the items which must be included in the request for appeal.
The Wards filed their appeal of the hearing examiner's decision on August 22, 15 days after the date of the decision. By letter dated September 6, 1995, the Board notified the Wards' counsel that the appeal was not timely and was "invalid."
On September 20, 1995, the Wards filed a land use petition under LUPA. The trial court entered an order dismissing the Wards' petition for failure to exhaust administrative remedies, and denied their subsequent motion for reconsideration. The Wards appeal.

DISCUSSION

Exhaustion of Remedies Under LUPA
The Wards contend that LUPA does not require a property owner to exhaust his *45 or her administrative remedies prior to filing a petition, pointing to the provision in LUPA governing standing to bring a land use petition. That provision states as follows:

Standing to bring a land use petition under this chapter is limited to the following persons:
(1) The applicant and the owner of property to which the land use decision is directed;
(2) Another person aggrieved or adversely affected by the land use decision, or who would be aggrieved or adversely affected by a reversal or modification of the land use decision. A person is aggrieved or adversely affected within the meaning of this section only when all of the following conditions are present:

(a) The land use decision has prejudiced or is likely to prejudice that person;
(b) That person's asserted interests are among those that the local jurisdiction was required to consider when it made the land use decision;
(c) A judgment in favor of that person would substantially eliminate or redress the prejudice to that person caused by the land use decision; and
(d) The petitioner has exhausted his or her administrative remedies to the extent required by law.
(Emphasis added.) RCW 36.70C.060.
The Wards claim that since only subsection (2), and not subsection (1), of the foregoing statute specifically requires exhaustion of administrative remedies, only aggrieved parties other than the owner or applicantthe parties covered by subsection (2)are required to exhaust their administrative remedies, and that owners are therefore exempt from the exhaustion requirement. We disagree. The simple definition of "land use decision" requires exhaustion of administrative remedies.
The purpose of LUPA is "to reform the process for judicial review of land use decisions made by local jurisdictions." RCW 36.70C.010. Under LUPA, a "land use decision" is "a final determination by a local jurisdiction's body or officer with the highest level of authority to make the determination, including those with authority to hear appeals," on, inter alia, "an application for a project permit or other governmental approval required by law before real property may be improved, developed, modified, sold, transferred, or used[.]" RCW 36.70C.020(1)(a). In order to obtain a final determination of the local governmental body with the highest level of authority to make the determination, one must, by necessity, exhaust his or her administrative remedies. Thus, exhaustion of administrative remedies is a necessary prerequisite to obtaining a decision that qualifies as a "land use decision" subject to judicial review under LUPA, whether the party seeking review is an owner, applicant, or other aggrieved party.
Under the Skagit County Code, the hearing examiner has the authority to hear and decide applications for variances and special use permits. Skagit County Code §§ 14.04.223 (variances); 14.04.150(4) (special use permits). The decision of the hearing examiner is a final decision, subject to appellate review by the Board. Skagit County Code § 14.04.240(16). Under the Code, there is no body with authority to review a determination of the Board. Thus, in Skagit County, the Board is the body with the highest level of authority to make a determination on an application for a variance or special use permit. A decision of the Board on such an application therefore constitutes a "land use decision" under RCW 36.70C.020(1), while a decision of a hearing examiner does not.
The doctrine of exhaustion of administrative remedies is well established in Washington. In general, agency action cannot be challenged on review unless all rights of administrative appeal have been exhausted. South Hollywood Hills Citizens v. King County, 101 Wash.2d 68, 73, 677 P.2d 114 (1984). The Legislature's awareness of the doctrine is beyond debate. Had the Legislature intended the result urged by the Wardscomplete abrogation of established common law principlessome clear expression of that intent would likely appear in the statute and legislative history. State v. Strauss, 119 Wash.2d 401, 418, 832 P.2d 78 (1992) ("The court will not assume that the Legislature would attempt to effect a significant *46 change in the law by mere implication.") No such expression exists here.
We also note that there is logic in the standing statute's enumeration of the exhaustion requirement for non-owners. Many could be "aggrieved" by a land use decision. The Legislature sensibly confined the category of non-owners eligible to seek judicial review of such decisions to those who participated in the administrative process to the extent allowed. This approach vests greatest discretion in local decisionmakers, and is thus consistent with the Legislature's policy to accord deference to local government and allow only limited judicial interference. RCW 36.70C.130. Specific enumeration of the exhaustion requirement for non-owners carries no inference that it has been abrogated for owners.
The Wards failed to file a timely appeal with the Board and did not obtain a final determination of the Board on their applications. Consequently, they failed to exhaust their administrative remedies and failed to obtain a "land use decision" subject to judicial review under LUPA. The trial court was therefore correct in dismissing the Wards' petition under LUPA.

Skagit County Proceedings Were Not Unfair
The Wards contend that considerations of fairness require that they not be held to an exhaustion requirement. First, they claim that they were not afforded a fair opportunity to exhaust their administrative remedies. This is a recognized exception to the exhaustion requirement. For example, in Gardner v. Board of Commissioners, 27 Wash.App. 241, 617 P.2d 743 (1980), the applicable ordinance required that an appeal of the county environmental official's determination of negative environmental impact be made to the board of commissioners 10 days before the hearing on a preliminary plat. However, the petitioner did not receive notice of the determination of negative environmental impact until the day of the hearing before the board of commissioners, at which time the determination became part of the record. The court held that, under those circumstances, to refuse judicial review on the basis of the petitioner's failure to exhaust administrative remedies would be unreasonable and unfair. Gardner, 27 Wash.App. at 243, 617 P.2d 743.
In the present case, the Wards were denied appellate review of the hearing examiner's decision by the Board solely due to the failure of their counsel to timely file the appeal. It is undisputed that the appeal was filed a day late because of a calendaring error in counsel's office. It is also undisputed that counsel received the hearing examiner's decision on August 8, one day after it was signed. Under the circumstances, it was not unreasonable or unfair for the trial court to have held the Wards to the exhaustion requirement. In contrast to Gardner, no action on the part of Skagit County, except for the Board's adherence to the deadlines in the ordinance, contributed to the Wards being denied review by the Board. Thus, the Wards were not denied a fair opportunity to exhaust their administrative remedies by any governmental body.
The Wards also seek relief from the exhaustion requirement on grounds that resort to administrative procedures would be futile. See Zylstra v. Piva, 85 Wash.2d 743, 745, 539 P.2d 823 (1975). The futility exemption is intended to apply in situations such as where the validity of the remedy itself is challenged. Zylstra, 85 Wash.2d at 745, 539 P.2d 823. The Wards do not claim that the Board of Commissioners could not provide them an adequate remedy. Rather, they appear to argue that the Board's insistence on compliance with the filing deadline indicates that the Board was predisposed to rule against them on their applications. The Wards' assertion is purely speculative and is without any support in the record. We find that the Wards have no grounds for an exemption from the exhaustion requirement.

LUPA Does Not Preempt All Local Procedures
The Wards next argue that LUPA preempts county ordinances and was intended to replace, supersede, and eliminate all prior statutes, ordinances, and prior case law in order to create a one uniform procedure *47 for all land use decisions in Washington. Therefore, they claim, the 14-day appeal period in the section 14.04.240(16) of the Skagit County Code is of no effect, and LUPA's 21-day deadline for judicial review applies. RCW 36.70C.040.[2] We disagree.
The Wards base this contention entirely upon RCW 36.70C.010, which provides:
The purpose of this chapter is to reform the process for judicial review of land use decisions made by local jurisdictions, by establishing uniform, expedited appeal procedures and uniform criteria for reviewing such decisions, in order to provide consistent, predictable, and timely judicial review.
Although this provision shows a legislative intent to create uniformity in the review of land use decisions, the review to which the provision refers is review by state courts of local governmental land use decisions. No preemption language appears anywhere in the statute, and we find nothing in LUPA or its legislative history to indicate that deadlines for LUPA review supersede ordinances establishing deadlines for local governmental agencies deciding applications under local zoning codes.

Other Issues
The Wards also challenge the constitutionality of the ordinance pursuant to which the Board dismissed their appeal as untimely. They do not claim that a 14-day appeal period is invalid on its face. Rather, they claim that the ordinance, which requires an appeal of the hearing examiner's decision to be filed with the Board within 14 days of the date of the decision, violates the state due process clause because it provides no procedure for an extension of the 14-day requirement, and because if there is a delay in mailing the hearing examiner's decision, the owner or applicant may be unable to timely file an appeal. The Wards contend that without provisions in the ordinance to rectify the situation, such as those found in CR 60, the ordinance violates due process. We reject this argument.
By the Wards' counsel's own admission, he received the hearing examiner's decision the day after it was signed. Therefore, the situation which the Wards claim would violate due process did not occur. Moreover, no action on the part of any governmental entity caused the Wards to miss the appeal deadline. The 14-day appeal period provided an opportunity for the Wards to be heard and did not deprive them of due process. A mistake or oversight by their attorney does not amount to a denial of due process by the county. We decline to reach hypothetical issues not raised by the facts presented. First United Methodist Church of Seattle v. Hearing Examiner, 129 Wash.2d 238, 245, 916 P.2d 374 (1996) (a justiciable controversy must exist before the court will review a constitutional challenge to an ordinance; a hypothetical or speculative disagreement is not a justiciable controversy). We therefore reject the Wards' constitutional challenge to Skagit County Code § 14.04.240(16).[3]
Finally, the Wards claim that their appeal to Superior Court was filed within the prescribed LUPA time period and should have been heard on its merits. But the trial court did not dismiss their land use petition because the Superior Court filing was untimely. The petition was dismissed because the Wards failed to exhaust their administrative remedies prior to filing the petition. The timeliness of their petition under LUPA is not relevant to the issues raised here.
The decision of the trial court is affirmed.
AGID and BECKER, JJ., concur.
NOTES
[1] Under the county code, a home occupation requires a special use permit and may be carried on by members of the family residing in the home and up to three additional employees. Skagit County Code §§ 14.04.150(2)(i); 14.04.30(40)(a).
[2] Under RCW 36.70C.040(3), a land use petition is timely if filed and served on all parties within 21 days of the issuance of the land use decision. That section then sets forth the method for determining when a land use decision is issued. RCW 36.70C.040(4).
[3] The Wards also claim that the ordinance violates due process because it fails to provide a means to appeal a decision by an entity with appellate authority that an appeal to that entity was untimely. The Wards provide no authority to support this argument and we find it without merit.