SUNDQUIST HOMES INC, a Washington Corporation; Eastglen Development LLC, a Washington Limited Liability Corporation; Foxwood Development LLC, a Washington Limited Liability Corporation; Rosemount LLC, a Washington Limited Liability Corporation; Villa Homes LLC, a Washington Limited Liability Corporation; Avance Group II LLC, a Washington Limited Liability Corporation; Avance Group III LLC, a Washington Limited Liability Corpo-

---

8. *Id.*

ration; Avance Group IV LLC, a Washington Limited Liability Corporation; Avance Group VI LLC, a Washington Limited Liability Corporation; Avance Group VII LLC, a Washington Limited Liability Corporation; Avance Group VIII LLC, a Washington Limited Liability Corporation; Avance Group IX LLC, a Washington Limited Liability Corporation, Plaintiffs—Appellants,

v.

SNOHOMISH COUNTY; City of Mill Creek; Snohomish County School Districts, Arlington School District No. 16, Everett School District No. 2, Granite Falls School District No. 332, Lake Stevens School District No. 4, Lakewood School District No. 306, Marysville School District No. 25; Monroe School District No. 103, Snohomish School District No. 201, Sultan School District No. 311; Snohomish County Park and Recreation Districts, Arlington, Brier, Everett, Granite Falls, Lake Stevens, Maltby, Marysville, Monroe, Northcreek, Paine Field, Sky Valley, Snohomish, Snohomish Valley, SW County, Stanwood, Tulalip; Stanwood School District, Stanwood School District No. 401, Defendants—Appellees.

No. 03–35671.

D.C. No. CV–02–01552–RSL.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 3, 2004.

Submission Withdrawn Nov. 15, 2004.

Resubmitted Jan. 4, 2006.

Decided Jan. 6, 2006.

T. David Copley, Amy N.L. Hanson, Juli Farris Desper, Esq., Keller Rohrback LLP, Seattle, WA, for Plaintiffs–Appellants.

Thomas M. Fitzpatrick, Brent D. Lloyd, Snohomish County Prosecuting Attorney's Office, Everett, WA, James A. Oliver, Short Cressman & Burgess, PLLC, Michael Charles Walter, Kimberly Joy Waldbaum, Keating Bucklin & McCormack Inc. P.S., David J. Lenci, Grace T. Yuan, Laura K. Clinton, Preston Gates & Ellis LLP, Seattle, WA, Michael Barry Tierney, Mercer Island, WA, for Defendants–Appellees.

Before ALARCÓN, W. FLETCHER, and RAWLINSON, Circuit Judges.*

### MEMORANDUM**

Plaintiffs, private real estate developers, filed this putative class action in state court to recover impact fees defendant Snohomish County (the "County") imposed pursuant to Washington's Growth Management Act ("GMA"). Under the GMA, local governments are authorized to impose impact fees as a condition to approving new developments provided that they "adopt[ ] or revis[e] a comprehensive plan in compliance with RCW § 36.70A.070," a statute specifying "mandatory elements" of comprehensive plans, and provided that they include in their capital facilities plan information about the effect of new development on public facilities. Rev.Code Wash. § 82.02.050(4). During the alleged class period, Plaintiffs contend, the County was not authorized to impose impact fees because it did not have a proper comprehensive or capital facilities plan in place.

---

\* Judge Rawlinson concurs in the result.

\*\* This disposition is not appropriate for publication and may not be cited to or by the

Plaintiffs contended that defendants violated 42 U.S.C. § 1983 as well as various provisions of state law.

Defendants removed to federal district court based on the presence of a federal question under § 1983, pursuant to 28 U.S.C. §§ 1331 and 1441.

The district court granted the Defendants' motion for summary judgment on two grounds. First, it held that, because Plaintiffs did not pay the impact fees they sought to recover under protest, they did not "satisf[y] a condition precedent to bringing a refund action in state or federal court." Second, it found that Plaintiffs had not demonstrated "substantial compliance" with the procedural exhaustion requirements specified in the Land Use Petition Act ("LUPA"). The district court did not mention Plaintiffs' § 1983 claim.

■ Plaintiffs' § 1983 claim is near-frivolous. They contend, first, that Snohomish County has violated state law and thereby violated § 1983. Of course, § 1983 provides a cause of action for violation of federal rather than state law. They next contend that Snohomish County has effectuated a taking of Plaintiffs' property, but they nowhere allege that they have complied with the requirements of *Williamson County Reg'l Planning Comm'n v. Hamilton Bank*, 473 U.S. 172, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985). Finally, they contend that Snohomish County's imposition of impact fees is "malicious, reckless, wanton, invidious, irrational, or arbitrary and capricious" and therefore in violation of "constitutional substantive due process and property rights," but they do nothing to explain how this allegation is founded on anything beyond the first two.

---

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

A frivolous federal claim is not a proper basis for removal to federal district court. We have subject matter jurisdiction under 28 U.S.C. § 1331 to decide a federal claim on the merits, even if the claim is unsuccessful. *Wheeldin v. Wheeler,* 373 U.S. 647, 649, 83 S.Ct. 1441, 10 L.Ed.2d 605 (1963). But we do not have subject matter jurisdiction under § 1331 over frivolous federal claims. *Keniston v. Roberts,* 717 F.2d 1295, 1298 (9th Cir.1983). It is a very close question whether we should remand to the state court for improper removal by Defendants, without deciding the more substantial questions of state law presented in this case. However, we narrowly uphold the removal and address Plaintiffs' questions of state law on the merits.

■ LUPA provides special procedures that serve as the exclusive means by which parties aggrieved by a "land use decision" may bring a "land use petition" seeking review of such a decision in superior court. Rev.Code Wash. § 36.70C.060. These procedures include the exhaustion of administrative remedies. *See Ward v. Board of Skagit County Comm'rs,* 86 Wash.App. 266, 936 P.2d 42, 45 (1997). Plaintiffs do not contest that they failed to exhaust LUPA's prescribed process. Rather, they argue that the imposition of impact fees is not a "land use decision," and thus they did not need to exhaust administrative remedies. In *James v. Kitsap County,* 154 Wash.2d 574, 115 P.3d 286 (2005), the Washington Supreme Court rejected an identical argument, holding that "the imposition of impact fees ... is a land use decision and is not reviewable" unless the plaintiff complies with LUPA's procedural requirements. *Id.* at 291.

■ Plaintiffs observe that, under the Washington State Constitution, the trial court had original jurisdiction over this dispute. *See* Wash. Const. art. IV, § 6 (providing that "[t]he superior court shall have original jurisdiction in all cases at law which involve ... the legality of any tax, impost, assessment, toll, or municipal fine."). They argue that in such cases, administrative exhaustion cannot be required. *Kitsap County* forecloses this argument as well. 115 P.3d at 293 ("[W]hile a superior court may be granted power to hear a case under article IV, section 6, that grant does not obviate procedural requirements established by the legislature.").

■ Plaintiffs claim that LUPA does not apply when a litigant challenges the legality of the government action, not simply the lawfulness of an act of government in a particular case. However, Plaintiffs adduce no authority to suggest that an exhaustion requirement does not apply when the litigant challenges the government's compliance with statutory requirements, as Plaintiffs do here.

Plaintiffs' remaining arguments concerning administrative exhaustion are equally unavailing. Because their failure to exhaust LUPA's prescribed remedies provides a sufficient basis for the district court's decision, we do not need to reach Plaintiffs' other grounds for appeal. In light of this result, the district court also properly dismissed Plaintiffs' motion for class certification.

AFFIRMED.